UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DORIS J. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:09-cv-01165-DML-JMS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| | ) |
| Defendant. | ) |

## Order on Motion for Attorneys' Fees

This matter is before the court on the motion (Dkt. 41) by plaintiff Doris J. Smith for an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), following the court's entry of final judgment remanding this case to the Commissioner of the Social Security Administration ("Commissioner") for further consideration. Ms. Smith seeks an award of $6,531.81.[1]

Section 204(d) of the EAJA, 28 U.S.C. § 2412(d), requires in a suit by or against the federal government that the court award to a prevailing party (other than the United States) her attorneys' fees and expenses unless the court finds that the United States' position was substantially justified or special circumstances make an award not just. The party's motion to recover her fees must also be timely. 28 U.S.C. § 2412(d)(1)(B). The amount of attorneys' fees must be reasonable and "shall be based upon prevailing market rates for the kind and quality of the services furnished," subject to a cap rate of $125 per hour plus an increase based on the cost of living if a fee higher than $125 is justified. 28 U.S.C. § 2412(d)(2)(A).

---

[1] Ms. Smith agreed to accept this amount in her reply brief (Dkt. 47), reflecting her compromise on some of the Commissioner's objections to her fee request. She originally requested $7,389.16. *See* Dkt. 41-1.

The Commissioner does not contest that Ms. Smith is the prevailing party and that her fee application is timely, nor does he assert a substantial justification objection or other basis why a fee award would not be just. The Commissioner argues solely that the amount of fees requested by Ms. Smith is unreasonable because Ms. Smith seeks fees for an excessive number of hours and for clerical, rather than legal, services, and seeks an hourly rate that she has not proved to be reasonable. Finally, the Commissioner raises an issue about the appropriate wording of any fee award based on the Supreme Court's decision in *Astrue v. Ratliff,* 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010), that a fee award under the EAJA must be made to the client prevailing party, and not her lawyer, and that the government is entitled to an offset against an EAJA award to the extent the client has outstanding debts to the federal government.

**<u>Reasonable hourly rate</u>**

The EAJA allows attorneys' fees at "prevailing market rates," but subject to a cap. The ceiling is $125 per hour with a cost of living adjustment if an hourly fee higher than $125 is justified.

Ms. Smith calculated the appropriate hourly rate as $178.59 based on the statutory hourly rate of $125 plus a percentage reflecting an increase in the cost of living from the time the $125.00 rate was established. Ms. Smith does not explain how she arrived at her cost of living adjustment, and the Commissioner asks the court to find that she has thereby failed a burden to prove a reasonable hourly rate and waived receiving *any* cost of living adjustment to the $125 rate. Although the court agrees that Ms. Smith inappropriately left the court and the Commissioner in the dark regarding her calculation of the cost of the living adjustment, the court finds that limiting the hourly rate to $125 is too harsh a sanction. A cost of living adjustment to the $125 rate is routine for EAJA fee awards, given that the $125 rate was established more than

15 years ago in March 1996. The court notes, however, that it may not be so lenient in the future. Ms. Smith's counsel often represents social security disability claimants before this court and if and when counsel seeks fees under the EAJA in other cases, counsel must provide the court and the Commissioner with information explaining the calculation of the requested hourly rate.

The Commissioner argues that if the court decides to apply a cost of living adjustment, the correct resulting rate is $170.21. On reply, Ms. Smith states that she agrees to accept $170.21 as her hourly rate. Because the hourly rate proposed by the Commissioner and acceded to by Ms. Smith is within the prevailing market rate standard under the EAJA, 28 U.S.C. § 2412(d)(2)(A), the court finds that the hourly rate of $170.21 is appropriate in this case.

### Reasonable number of hours

Ms. Smith seeks compensation for 41.375 hours, although she agreed to subtract three hours (to 38.375) to compromise the Commissioner's objection that some of her time entries reflected work that was clerical, and not legal, in nature.

The Commissioner argues for an additional deduction of 15 hours, contending that Ms. Smith spent an excessive number of hours (a) drafting her complaint and petition to proceed *in forma pauperis* (3.5 hours); (b) preparing her opening brief (17.5 hours); and (c) reviewing the Commissioner's response brief and drafting her reply brief (13 hours). Ms. Smith argues that the hours expended in this case were reasonable because they are in line with the number of hours that attorneys have spent in other cases challenging the Commissioner's denial of disability benefits. The court agrees with the Commissioner that Ms. Smith has not provided the court with any basis to compare the hours spent in these other cases to this one. The court knows nothing of the complexity of the issues or the factual record in these other cases.

The court also agrees with the Commissioner that a deduction of hours is appropriate. The complaint, petition to proceed *in forma pauperis*, civil cover sheet and notice of appearance filed by counsel in this case are form documents that counsel changes little from case to case and could be drafted by an experienced secretary or paralegal with final review by counsel. The court allows Ms. Smith 1.5 hours (instead of 3.5 hours) as the reasonable amount of professional attorney time necessary to complete these tasks. The court also finds the 30.5 hours spent by counsel on the briefing (including reviewing the Commissioner's response brief) to be excessive given the quality of the analysis and presentation of arguments by Ms. Smith in her opening and reply briefs. The presentation of Ms. Smith's counsel, which lists the contents of some medical records without connecting the records cogently to legal arguments, was not helpful to the court's analysis. Ms. Smith's counsel also presented numerous "form" legal arguments that he makes in nearly every disability denial review case, again without connecting them to the ALJ's decision regarding Ms. Smith. Based on the court's familiarity with the briefing, and Ms. Smith's failure to justify spending 30.5 hours on the briefing except to point to other cases (which may or may not have been similar in complexity or the issues presented), the court determines that a further deduction of 8.0 hours is appropriate.

Based on the above analysis, the court finds that the reasonable number of hours for which fees are awardable is 28.375 hours, for a total fee award of $4,829.71 (at $170.21 per hour).

**Award to prevailing party and not her counsel**

The Supreme Court's decision in *Astrue v. Ratliff,* 130 S.Ct. 2521 (2010), requires an EAJA fee award to be made to the client and not to the lawyer. *Ratliff* also provides that the government is entitled to an offset against the award if the client has outstanding debts to the

government. An assignment of the fee award from Ms. Smith to her lawyer cannot override the government's right to offset the award if the client owes the government money. *See Ratliff,* 130 S.Ct. at 2529 (acknowledging that government can make direct payment of EAJA fee award to the attorney when the prevailing party client does not owe a debt to the government and has assigned the fee award to her lawyer). The court finds that an order directing payment consistent with the assignment *after* the government determines whether it is entitled to an offset against the award conforms to the Supreme Court's holding in *Ratliff*.

## Conclusion

Plaintiff Doris J. Smith's motion (Dkt. 41) for an award of fees under the EAJA is GRANTED on the terms set forth in this entry. The court awards to Ms. Smith attorneys' fees under 28 U.S.C. § 2412(d) in the amount of $4,829.71. The Commissioner shall evaluate the propriety of directing payment of the fee award directly to Ms. Smith's counsel, consistent with the assignment, by first determining whether the United States is entitled to and will exercise a right of offset (and if so, the amount of the offset) against the award because of a pre-existing debt Ms. Smith owes the government. The amount of the fee award remaining after offset (if any) shall be paid and delivered to Ms. Smith's counsel consistent with the assignment.

So ORDERED.

Date: __05/25/2011__

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

Patrick Harold Mulvany
patrick@mulvanylaw.com